BRIAN J. WANCA (admitted *pro hac vice*)
ANDERSON & WANCA
3701 Algonquin Road, Ste 760
Rolling Meadows, Illinois 60008
Telephone: (847) 368-1500
Facsimile: (847) 368-1501
bwanca@andersonwanca.com

*Counsel for Plaintiff*

ROBERT C. SCHUBERT (S.B.N. 62684)
WILLEM F. JONCKHEER (S.B.N. 178748)
SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Telephone: (415) 788-4220
Facsimile: (415) 788-0161
rschubert@schubertlawfirm.com
wjonckheer@schubertlawfirm.com

*Local Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>TRANSCEPT PHARMA., INC., PURDUE PHARMA L.P., PURDUE PHARMA, INC., PURDUE PRODUCTS L.P., LOGISTIC INNOVATIONS, LLC and JOHN DOES 1-10,<br><br>Defendants. | Case No. 4:13-CV-5490-YGR<br><br>**PLAINTIFF'S RESPONSE TO THE COURT'S APRIL 10, 2014 ORDER TO SHOW CAUSE**<br><br>Hearing Date: April 22, 2014<br>Time:         2:00 p.m.<br>Courtroom: 1, 4th Floor<br>Judge:        Hon. Yvonne Gonzalez Rogers |

Plaintiff's Response to the Court's April 10, 2014 Order to Show Case
Case No. 4:13-CV-5490-YGR

I. **Introduction and Background.**

On February 20, 2014, Defendants filed a Motion to Transfer, seeking to transfer this action to the District of Connecticut. Dkt. No. 26. On March 10, 2014, Plaintiff filed its Memorandum in Opposition to Defendants' Motion to Transfer Venue to the District of Connecticut ("Opposition Brief") (Dkt. No. 31), and Defendants' Reply in Support of Motion to Transfer was filed on March 20, 2014. Dkt. No. 32. On April 10, 2014, this Court issued an Order to Show Cause based upon certain assertions and arguments raised in Plaintiff's Opposition Brief, and ordered this submission. Dkt. No. 37.

The Opposition Brief was drafted by attorneys at Anderson & Wanca ("A&W"), primary counsel for Plaintiff, and sent to Plaintiff's local counsel at Schubert Jonckheer & Kolbe LLP ("SJK") on the morning of the filing deadline, March 10, 2014, for review and e-filing. Prior to drafting the Opposition Brief in this matter, A&W, as one of the counsel on behalf of a different client (also with SJK as local counsel), responded to a similar transfer motion in the case of *True Health Chiropractic, Inc. v. McKesson Corporation,* Case No. 3:13-CV-02219-JST, United States District Court for the Northern District of California ("*McKesson*"), pending before Judge Tigar. Plaintiff in *McKesson* asserted similar claims to those at issue here – namely, alleged violations of the Telephone Consumer Protection Act ("TCPA") for disseminating unsolicited faxes. In *McKesson*, plaintiff successfully opposed defendant's motion to transfer the case to the Northern District of Ohio. Based on this favorable outcome in *McKesson* denying defendant's transfer motion, A&W's attorneys relied upon the *McKesson* response brief as a model (or template) in preparing their Opposition Brief in this action. The *McKesson* response brief and the Order Denying Motion to Transfer Venue are attached hereto as Exhibits A-B, respectively.

The Court's April 10, 2014 Order prompted a thorough review of the matters identified by the Court, whereupon it was revealed and concluded that innocent human error by attorneys at A&W resulted in the inclusion of certain arguments and statements in the Opposition Brief which should have been omitted or modified. In drafting Plaintiff's Opposition Brief, relying on the successful *McKesson* response brief as a model, the attorney for A&W physically set the two transfer motions in this case and in *McKesson* side-by-side. Unfortunately, this resulted in

1 confusion as to which motion was being responded to, and directly led to the errors in the
2 Opposition Brief identified by the Court. Once the initial confusion occurred, it compounded itself
3 into the mistake at hand. Plaintiff's counsel had no intent to mislead defendants or the Court, did
4 not recognize their oversight until the Court's Order issued, and regret their mistake. Under these
5 circumstances, as set forth below, Plaintiff respectfully submits that sanctions should not be
6 imposed.

7 **II.     Points Requested to be Addressed.**

8 Plaintiff states as follows regarding the specific matters identified in the Court's April 10,
9 2014 Order:

10 (1) *Defendants neglect to mention or apply the Ninth Circuit factors weighed to determine*
11 *whether transfer is warranted*. Plaintiff acknowledges that defendants set out the appropriate
12 *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir. 2000) factors on pages 5-10 of their
13 transfer motion. It was the *McKesson* motion to transfer that did not set out the Ninth Circuit
14 factors. Plaintiff's statement to the contrary (Opposition Brief at 3:25-4:22) was included by
15 mistake and should have been omitted.

16 (2) *Defendants offer no affidavit or other evidence to meet their burden of proof*. Plaintiff
17 recognizes that defendants filed factual affidavits in support their motion to transfer. It was the
18 *McKesson* motion to transfer which lacked supporting affidavits. For this reason, Plaintiff's
19 similar mistaken statement regarding supporting affidavits (Opposition Brief at 4:2-3) should have
20 also been omitted.

21 (3) *This case presents an issue of California state law, in which a California court would*
22 *have a greater interest when no such claim is alleged*. Plaintiff does not currently assert any
23 violation of California law in the Complaint. Reference to a potential violation of Cal. Bus. &
24 Prof. Code § 17538.43(b)(1) was included in the *McKesson* brief, and likewise should have been
25 omitted from the Opposition Brief (*see, e.g.,* 11:5-10).

26 (4) *There is no other claim pending against Defendants with which to consolidate this*
27 *action*. Plaintiff acknowledged in the Opposition Brief that a similar action is pending against
28 certain of the defendants in the District of Connecticut (*see* Opposition Brief at 2:3-7), but

1  mistakenly included the argument from *McKesson* that "there is no other claim pending against
2  Defendants with which to consolidate this action" (Opposition Brief at 11:18-19).[1]

3     (5)  *The subject advertisement was "likely planned and sent by employees working at*
4  *[Defendant and drug developer] Transcept's headquarters in Point Richmond, California."*
5  Plaintiff's factual investigation of defendant Transcept Pharma, Inc. ("Transcept") revealed that it
6  only has facilities in Point Richmond, California. *See* Form 10-K filed with the Securities and
7  Exchange Commission, attached hereto as Exhibit C, at pp. 33, 62-63. Based thereupon, Plaintiff
8  credibly believes that decisions regarding its advertising, marketing, and related faxing originated
9  or were approved, at some level, in Point Richmond, as Transcept does not exist anywhere else.
10 By oversight, Plaintiff's Opposition Brief omitted a discussion of the supporting affidavits
11 submitted by Brianne Weingarten (on behalf of defendant Purdue Pharma L.P.) and Merrill Corry
12 (on behalf of defendant Logistic Innovations, LLC), relied upon by defendants for their assertion
13 that relevant evidence regarding Plaintiff's claims is located outside California. Plaintiff notes that
14 Transcept itself did not submit any supporting evidence in support of defendants' transfer motion.

15 **III.    Sanctions Should Not Be Imposed.**

16     A court, on its own initiative, may enter an order describing specific conduct that appears
17 sanctionable, and direct a party or their counsel to show cause why sanctions should not be
18 imposed. *See* 28 U.S.C. §1927; *accord* Fed. R. Civ. P. 11(c)(1)(3); N.D. Cal. Local Rule 1-4.
19 However, the Ninth Circuit recognizes that courts must also employ particular "restraint and
20 discretion" in exercising their inherent power to impose sanctions because such powers "are
21 shielded from direct democratic controls." *Roadway Express v. Piper*, 447 U.S. 752, 764 (1980);
22 *Lahiri v. Universal Music and Video Distrib. Corp.*, 606 F.3d 1216, 1223 (9th Cir. 2010) ("The
23 district court's authority to sanction attorneys under §1927…must be exercised with restraint and
24 discretion."). Accordingly, "to insure that restraint is properly exercised, [courts] routinely insist[]
25 on a finding of bad faith before sanctions may be imposed under the court's inherent power."
26 *Zambrano v. City of Tustin*, 885 F.2d 1473, 1478 (9th Cir. 1989); *see also New Alaska*

---

[1] Plaintiff notes that there is a substantial overlap between the defendants in this California action and the Connecticut case, but they are not identical.

1  *Development Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989) (sanctions under 28 U.S.C.
2  §1927 "must be supported by a finding of subjective bad faith").

3     Under the "American Rule," each party bears its own attorney fees except where statutes
4  provide otherwise or bad faith conduct or willful disobedience of court orders is shown. *Alyeska*
5  *Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258 (1975).  Courts have no power to
6  shift attorneys' fees in the absence of such showing. *Zambrano*, 885 F.2d at 1481-82.[2]  While
7  Plaintiff's Opposition Brief regrettably included the misstatements described above, their mistakes
8  fall far short of a specific finding of "bad faith."

9     Here, the potential sanctions are judicially-initiated, rather than requested by a party by
10 motion.  A high, subjective standard is employed by courts evaluating potential sanctions under
11 such circumstances. *Torres v. City of Madera*, 2006 WL 3257491, at *5 (N.D. Cal. Nov. 9, 2006).
12 The Ninth Circuit has explained that "[a]ttorneys should not be disciplined by financial reprisal for
13 conduct attributable to mistake, inadvertence or error of judgment." *Zambrano*, 885 F.2d at 1480;
14 *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998) ("ignorance or negligence" do not support 28
15 U.S.C. §1927 sanctions).  "A practice that punishes mere negligence on the part of counsel is not
16 necessary to the orderly functioning of the court system…" *Zambrano*, 885 F.2d at 1480.  Further,
17 "mere recklessness, in the absence of bad faith, will not justify sanctions under the court's inherent
18 power." *Osorio*, 2009 WL 2485554, at *4 (citing *Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001));
19 *Sanchez v. Bank of America*, 2010 WL 2382347, at *3 (N.D. Cal. June 10, 2010) ("bad faith" is
20 found under 28 U.S.C. §1927 where "an attorney knowingly or recklessly raises a frivolous
21 argument or argues a meritorious claim for the purpose of harassing an opponent" or "when
22 litigation conduct is undertaken to increase expenses or delay"); *see also Brown v. Stroud*, 2012
23 WL 2709058, at *4 (N.D. Cal. July 6, 2012) ("Whether termed 'willful misconduct' or conduct

---

[2]  Outside of 28 U.S.C. §1927 and Fed R. Civ. P. 11, the Court's inherent power to issue sanctions is "intended to vindicate judicial authority, not provide a remedy to an aggrieved party." *Osorio v. Tran*, 2009 WL 2485554, at *4 (N.D. Cal. Aug. 12, 2009).

1  'tantamount to bad faith,' such sanctionable conduct is something more egregious than mere
2  negligence or recklessness.") (citing *In re Lehtinen*, 564 F.3d 1052, 1058 (9th Cir. 2009)).[3]

3  As discussed above, the inadvertent errors in Plaintiff's Opposition Brief were the product
4  of confusion by A&W attorneys which were not caught by SJK.  Therefore, Plaintiff's counsel's
5  conduct did not amount to the subjective "bad faith" required for court-initiated sanctions. *See In*
6  *re Keegan Management Co. Securities Litig.*, 78 F.3d 431, 436 (9th Cir. 1996).  Plaintiff further
7  notes that, here, notwithstanding the misstatements identified above, Plaintiff's Opposition Brief
8  sets forth a credible, legitimate basis for denying defendants' transfer motion.  Additionally, the
9  inclusion of the misstatements in Plaintiff's Opposition Brief did not multiply the proceedings in
10 this matter (vexatiously or otherwise) – irrespective of such misstatements, defendants would have
11 drafted and filed their reply brief, addressing Plaintiff's remaining arguments in opposition to the
12 motion to transfer.  *See* 28 U.S.C. §1927.

13 Plaintiff's counsel will take care not to make a mistake of this nature again, and
14 respectfully request the Court not impose sanctions.

## IV. Conclusion

16 Plaintiff's counsel apologizes to defendants and the Court for the mistake at hand, and
17 request that the Court, under the circumstances, decline to impose sanctions.

19 Dated: April 15, 2014                By:    /s/ Brian J. Wanca
                                        BRIAN J. WANCA (admitted *pro hac vice*)
                                        ANDERSON + WANCA
                                        3701 Algonquin Road, Suite 760
                                        Rolling Meadows, IL  60008
                                        bwanca@andersonwanca.com

                                        *Counsel for Plaintiff*

                                        WILLEM F. JONCKHEER
                                        ROBERT C. SCHUBERT
                                        SCHUBERT JONCKHEER & KOLBE LLP
                                        Three Embarcadero Center, Suite 1650

---

[3] Plaintiff further notes that sanctions under 28 U.S.C. §1927 "are not mandatory, and a court may decline to impose sanctions even if it finds bad faith." *Torres*, 2006 WL 3257491, at *9.

San Francisco, CA  94111
rschubert@schubertlawfirm.com
wjonckheer@schubertlawfirm.com

*Local Counsel for Plaintiff*

**Attestation of Filer**

I, Willem F. Jonckheer, am the ECF user whose ID and password are being used to file Plaintiff's Response to the Court's April 10, 2014 Order to Show Cause.  In compliance with Local Rule 5-1(i)(3), I hereby attest that Brian J. Wanca has concurred in this filing.

Dated:  April 15, 2014                              /s/ Willem F. Jonckheer
                                                                Willem F. Jonckheer