**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNI**

| | |
|---|---|
| **PHYSICIANS HEALTHSOURCE, INC.,**<br><br>　　Plaintiff,<br><br>　　vs.<br><br>**TRANSCEPT PHARMA, INC., PURDUE PHARMA, L.P.,** *ET. AL.*,<br><br>　　Defendants. | Case No.: 13-CV-5490 YGR<br><br>**ORDER GRANTING MOTION OF DEFENDANTS TO TRANSFER CASE PURSUANT TO 28 U.S.C. § 1404(A)** |

Defendants Transcept Pharma, Inc., *et. al.* (Defendants) filed their Motion to Transfer the instant action. (Dkt. No. 26.) Defendants contend that a substantially similar action has been pending for over a year in the District of Connecticut, entitled *Physicians Healthsource, Inc. v. Purdue Pharma, L.P., et al*, No. 12-cv-1208-SRU, and that the factors to be considered in a transfer under 28 U.S.C. section 1404(a) favor transfer to that district. Plaintiff Physicians Healthsource, Inc. filed its opposition on March 10, 2014. (Dkt. No. 31.)

Having carefully considered the papers submitted and the pleadings in this action, and the opposition to the motion by Plaintiff, and for the reasons set forth below, the Court hereby **GRANTS** the Motion to Transfer.[1]

---

[1] In its Order to Show Cause ("OSC"), issued April 10, 2014, the Court set forth a number of unsupported arguments made in Plaintiff's opposition brief filed March 10, 2014 (Dkt. No. 31). In its response to the OSC, filed April 15, 2014 (Dkt. No. 38), Plaintiff conceded that it had mistakenly copied arguments made in connection with a different motion in a different case. The Court vacated the OSC and declined to order sanctions based upon Plaintiff's counsel's forthright acknowledgment of, and apology for, the mistake. Plaintiff's counsel is cautioned to exercise greater oversight in the filings it submits to this Court.

## I. BACKGROUND

This case arises from an alleged violation of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. 227(b)(1), which makes it is unlawful to send an advertisement to someone's fax machine without the recipient's express permission. Plaintiff alleges that, on October 15 and 24, 2012, it received an advertisement via its facsimile machine for various products and services offered by Defendants. Defendants had not sought or obtained Plaintiff's permission. Plaintiff brought this action against Defendants to recover statutory damages. Plaintiff asserted its own individual claim and also asserted a putative class consisting of other recipients of Defendants' unlawful advertisements.

The instant action was preceded by a similar case against a number of the Defendants, involving a similar but separate advertisement, filed in federal court in a different state, *i.e. Physicians Healthsource, Inc., v. Purdue Pharma L.P.,* Case No. 3:12-cv-1208 in the U.S. District Court for the District of Connecticut. The District of Connecticut case has been pending for over a year. The court there already denied without prejudice Plaintiff's early motion for class certification.

## II. DISCUSSION

Pursuant to 28 U.S.C. section 1404(a), the Court has discretion to transfer this matter to the District of Connecticut where it could have been brought and where Defendants all consent to its transfer. A district court has discretion to transfer matters pursuant to Section 1404(a) in order to serve the "convenience of the parties and witnesses" or to promote "the interest of justice." *Id.* Courts make this determination of whether to transfer venue by considering, on a case-by-case basis, factors of convenience and fairness. *See Hoffman v. Blaski,* 363 U.S. 335, 343–44, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960); *see Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir.2000). Among the factors a court may consider are: the state that is most familiar with the governing law, the plaintiff's choice of forum, the respective parties' contacts with the forum, the contacts relating to the plaintiff's cause of action in the chosen forum, the differences in the costs of litigation in the two forums, and the ease of access to sources of proof. *Jones*, 211 F.3d at 498.

Having considered where the action could have been brought and the relevant factors, the Court concludes that the action should be transferred to the District of Connecticut. First, venue appears to be proper in Connecticut. Under 28 U.S.C. section 1391(b)(2), venue is proper in a judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Here, a substantial part of the alleged conduct giving rise to claim occurred in the District of Connecticut. The events giving rise to the claim are receipt of a fax in Ohio from "defendants," and the motion provides evidence that the employees involved in marketing operations and policies, including the use of fax marketing, work in Stamford, Connecticut. Plaintiff offers no evidence to the contrary in its opposition.

Next, the Court finds that the convenience of the parties and the witnesses favors transfer. Plaintiff is not located in California, and has no connections to this forum. Plaintiff is an Ohio corporation with a principal place of business in Ohio and no significant contacts with this forum. Plaintiff previously filed a similar case under the TCPA in the District of Connecticut against three of the same defendants here: Purdue Pharma LP, Purdue Pharma Inc., and Purdue Products LP (collectively, "Purdue Defendants"). The Purdue Defendants are located in Connecticut, and Defendant Logistic Innovations, LLC is located in New York. Purdue's headquarters are located in Stamford, Connecticut. Connecticut is also more convenient for Defendant Logistic because its principal place of business is in New York City. Individuals that Purdue expects to testify regarding the relevant allegations of this case all work in the District of Connecticut. Moreover, the motion establishes that much of the evidence in this matter, concerning Purdue's marketing operations, is located at Purdue's headquarters in Stamford, Connecticut. Other relevant witnesses and relevant documents from Defendant Logistic would also likely be located on the East Coast, given that its headquarters is in New York. The only party to this case that has any significant connection to the Northern District of California is Defendant Transcept. Although Transcept developed the drug that was the subject matter of the faxes at issue, Defendants have submitted evidence indicating that Transcept exercises little to no control or monitoring over the marketing strategy for that drug and does not control the use of marketing faxes. Thus, it appears that there will be few, if any, Transcept witnesses with information relevant to the litigation.

3

1  Turning to the interests of justice factors, the Court finds that transfer would avoid
2 duplicative litigation, ensure judicial economy, and prevent the waste of time and money. The
3 court in the District of Connecticut case has spent significant time managing that case, and has
4 gained considerable familiarity with the law and subject matter relevant to this action as well.
5 Moreover, Plaintiff's "willfulness" claims alleged in the instant action are factually predicated on a
6 finding of liability in the Connecticut case (*see* Complaint ¶ 23), and therefore should be considered
7 by the same court.

8  Thus, the interests of judicial economy and efficiency, the convenience of the parties and
9 witnesses, and the interests of justice, all favor transfer of this matter to the District of Connecticut.[2]

### III. CONCLUSION

Accordingly, Defendants' Motion to Transfer is **GRANTED**. This action is transferred to the District of Connecticut.

This Order terminates Docket No. 26.

**IT IS SO ORDERED**.

Date: April 30, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] In its response to the OSC, Plaintiff conceded its errors as to all but one argument, maintaining its contention that the subject advertisement was "likely planned and sent by employees working at [Defendant and drug developer] Transcept's headquarters in Point Richmond, California (Oppo. at 7:8-10). In its response to the OSC, Plaintiff softened that argument to a "belie[f]" that "decisions regarding its advertising, marketing, and related faxing originated or were approved" in Point Richmond (Response to OSC at 3:7-9). This "belief" is not sufficient to tip the balance in favor of a California forum.

4